## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Khina M. Mishra, Narayan Dhungana, Deepa Ghimirey, and Virendra K. Dhungel, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Intra-National Home Care, LLC, Dilli Adhikari, Meg Subedi, Bhagiman Gurung, Doe Narayan Bharati, and Kamal Pokhrel,<br><br>Defendants. | COMPLAINT - COLLECTIVE ACTION and CLASS ACTION<br><br>Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiffs Khina M. Mishra, Narayan Dhungana, Deepa Ghimirey, and Virendra K. Dhungel (collectively, the "Named Plaintiffs"), individually and on behalf of all others similarly situated (collectively referred to herein as "Plaintiffs"), for their Complaint against Intra-National Home Care, LLC, Dilli Adhikari, Meg Subedi, Bhagiman Gurung, Doe Narayan Bharati, and Kamal Pokhrel (collectively, the "Defendants"), state as follows:

1

**Nature of Case**

1. Intra-National Home Care, LLC ("Intra-National") employs approximately three thousand (3,000) Direct Care Workers ("DCWs") in Pennsylvania, Ohio and Michigan. During the last three (3) years, Intra-National has required these DCWs to work in excess of forty (40) hours per week without paying time and half overtime. Because the DCWs were not properly paid overtime for more than eighty (80) hours in any given two-week pay period, Intra-National received unpaid labor from its DCWs. This lawsuit is brought as (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and (b) a class action under Fed. R. Civ. P. 23 and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.*

**Parties, Jurisdiction, and Venue**

2. Plaintiff Khina M. Mishra is an adult individual residing in Harrisburg, Dauphin County, Pennsylvania. Khina M. Mishra has executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit A**.

3. Plaintiff Narayan Dhungana is an adult individual residing in Mechanicsburg, Cumberland County, Pennsylvania. Narayan Dhungana has executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit B**.

4.     Plaintiff Deepa Ghimirey is an adult individual residing in Mechanicsburg, Cumberland County, Pennsylvania. Deepa Ghimirey has executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit C**.

5.     Plaintiff Virendra K. Dhungel is an adult individual residing in Enola, Cumberland County, Pennsylvania. Virendra K. Dhungel has executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit D**.

6.     During the applicable class period, Named Plaintiffs worked as DCWs for Intra-National in Dauphin County, Pennsylvania. Named Plaintiff were, at all material times, covered, non-exempt employees of Intra-National within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g). Named Plaintiffs bring this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated employees employed as DCWs for Intra-National during the last three (3) years.

7.     Intra-National provides non-medical in-home care services, companionship and personal care to consumers throughout Pennsylvania, Ohio and Michigan. It is a for-profit corporation organized under the laws of Michigan, and maintains a registered office address at 1620 Skyline Drive, Apartment 18, Pittsburgh, Allegheny County, Pennsylvania 15227. Intra-National also maintains

a business location at 801 East Park Drive, Suite 101, Harrisburg, Dauphin County, Pennsylvania 17111.

8. At all material times, Intra-National has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), PWPCL, 43 P.S. § 260.2a, and PMWA, 43 P.S. § 333.103(g).

9. At all material times, Intra-National has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

10. At all material times, Intra-National has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

11. Intra-National has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

12. At all material times, Dilli Adhikari, Meg Subedi, Bhagiman Gurung, Doe Narayan Bharati, and Kamal Pokhrel were each an owner and/or manager of Intra-National, and were each responsible for Intra-National's policies and procedures with respect to compensation of DCWs.

13. At all material times, Plaintiffs were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

14. At all material times, Plaintiffs were employees as defined by the PMWA, 43 P.S. § 333.103(h).

15. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Subject matter jurisdiction over Named Plaintiff's and other similarly situated employees' FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

16. The PWPCL and the PMWA each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

17. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Intra-National does business and maintains offices in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

### General Allegations

18. Plaintiffs were employed as DCWs by Intra-National. Plaintiffs have been required and/or permitted to work in excess of forty (40) hours per workweek, but have not been compensated at time and a half for all hours worked over forty (40) hours in a given workweek. Rather, DCW's have been compensated at straight time.

19. During the three (3) year period preceding this action, and continuing, Intra-National has had a policy and practice of not correctly compensating their DCWs by failing to pay time and a half for all hours work over forty (40) hours in a given workweek.

20. The FLSA further requires employers to compensate employees at a rate not less than one and one-half times the regular rate at which they are employees for any work in excess of forty (40) hours per week. 29 U.S.C. § 207.

21. Intra-National uniformly denied overtime pay to its DCWs. Intra-National's deliberate failure to pay its DCWs their earned wages and overtime compensation violates the FLSA, PWPCL, and the PMWA.

22. On information and belief, Intra-National adhered to the same policies and practices with respect to all of its DCWs.

23. The net effect of Intra-National's policies and practices, instituted and approved by company owners and managers, is that Intra-National willfully failed to pay overtime compensation.

## Collective and Class Action Allegations

24. Plaintiffs bring Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

25. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Intra-National's practice of failing to properly pay DCWs overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Intra-National's records, and

potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

26.    Plaintiffs bring Count II as a class action under Fed. R. Civ. P. 23, on behalf of themselves and a class defined as follows:

> All current and former non-exempt workers employed by Intra-National as DCWs during the applicable statute of limitations.

27.    The state law claims in Count II satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23(a) and (b)(3).

28.    The class consists of approximately three thousand (3,000) persons who are dispersed throughout Pennsylvania, Ohio and Michigan. As a result, the class is sufficiently numerous and joinder of all class members in this action is impracticable.

29.    Questions of fact and law common to the class predominate over any questions affecting only individual class members. The predominating questions of law and fact common to the class consist of at least the following:

    a.    Whether Intra-National had a policy of requiring or allowing DCWs to work in excess of forty (40) hours per workweek without properly compensating DCWs at time and a half pay for overtime hours.

    b.    Whether Intra-National's conduct in violating the minimum wage and overtime laws was willful or in good faith.

30. Plaintiffs' claims are typical of those of the class because they and the class members worked under a common policy, and were similarly uncompensated for overtime hours at the proper rate.

31. A class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims. Intra-National has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members creates a risk of inconsistent and varying adjudications, establishing inconsistent and incompatible standards of conduct for Intra-National at its business facilities, and/or substantially impairing or impeding the ability of class members to protect their legal rights and interests. Separate lawsuits would put an unnecessary and undue burden on the courts by requiring them to adjudicate numerous claims under virtually identical law, facts, and circumstances.

32. Plaintiffs are adequate class representatives because they are members of the class and their interests do not conflict with the interests of the class they seek to represent. The interests of class members will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class litigation.

## Count I:  Violation of the Fair Labor Standards Act

33.     Plaintiffs and other similarly situated persons incorporate herein the allegations set forth above.

34.     At all times material herein, Plaintiffs and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

35.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

36.     Intra-National is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

37.     Defendants violated the FLSA by failing to pay for overtime.  In the course of perpetrating these unlawful practices, Intra-National also willfully failed to keep accurate records of all hours worked by its employees.

38.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

39.     Plaintiffs and all similarly situated employees are victims of a uniform compensation policy.

40. Plaintiffs and all similarly situated employees are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was prohibited by the FLSA.

41. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees.  Accordingly, Defendants are liable, jointly and severally, under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Count II:  Violation of the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act**

43. Plaintiffs and other similarly situated persons incorporate herein the allegations set forth above.

44. At all times material herein, Plaintiffs and other similarly situated persons who performed work as DCWs in the Commonwealth of Pennsylvania have been entitled to the rights, protections, and benefits provided under the PWPCL and the PMWA.

45. The PWPCL and the PMWA regulate, among other things, the payment of wages for all hours worked, and overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty (40) hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

46. Intra-National is subject to the minimum wage and overtime pay requirements of the PWPCL and the PMWA, because it is an "Employer" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

47. Defendants violated the PWPCL and the PMWA by failing to properly compensate DCWs for overtime hours.

48.     43 P.S. § 333.105 exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the exemptions apply to Plaintiffs or other similarly situated employees.

49.     Plaintiffs and all similarly situated employees are victims of a uniform compensation policy.

50.     Plaintiffs and all similarly situated employees who performed work as DCWs within the Commonwealth of Pennsylvania are entitled to special damages in the form of "liquidated damages" as set forth by statute because Defendants acted willfully and did not act in good faith in its violation of the Pennsylvania wage and hour laws.

51.     Alternatively, should the Court find Defendants acted in good faith, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52.     As a result of the aforesaid willful violations of the PWPCL and the PMWA, compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated who performed work within the Commonwealth of Pennsylvania, demand judgment against Defendants, jointly and severally, for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided

by law, (4) attorney fees and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Stephen T. Mahan, Jr.*
Stephen T. Mahan, Jr. (PA 313550)
smahan@weisbergcummings.com

*/s/ Stephen P. Gunther*
Stephen P. Gunther (PA 324203)
sgunther@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiffs*