# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KHINA MISHRA, et al.,** | : | Civil No. 1:19-CV-1233 |
| **Plaintiff** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **INTRA-NATIONAL HOME CARE LLC., et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I. Factual Background

The parties in this Fair Labor Standards Act (FLSA) action have consented to magistrate judge jurisdiction and seek the court's approval of a settlement proposal on behalf of the individual named plaintiffs only. The factual background of this dispute can be simply stated:

On July 19, 2019, the individual plaintiffs filed a lawsuit under the FLSA, 29 U.S.C. §201, *et seq*., and companion state laws, alleging that they had not been properly paid for overtime which they had worked. (Doc. 1). While the complaint and some subsequent pleadings made reference to the potential existence of a larger collective action beyond the claims of the named plaintiffs, from the outset of this litigation it was evident that this case involved what were predominantly individual

1

claims between the named parties, who were all acquainted with one another. Thus, almost from the moment the case was filed, the individual parties engaged in a series of conversations with one another aimed at resolving what were primarily their narrow, specific, and personal workplace disputes. (Docs. 12, 13, 14, 16). In order to ensure that these settlement discussions, which commenced at the inception of this litigation, proceeded in an orderly fashion, this case was referred to the undersigned. (Doc. 18). We then agreed to oversee these settlement discussions and directed all parties to conduct further discussions through their respective counsel in order to ensure that the parties engaged in arms-length negotiations of this dispute. (Doc. 22).

Those arms-length negotiations culminated with the parties' agreement on the terms of a settlement which related to what had always been the primary concerns of these litigants—their own specific, personal, and intramural work place disagreements. Thus, the plaintiffs promptly disclaimed any intention to pursue any broader collective claims, (Doc. 30), the parties consented to magistrate judge jurisdiction, (Docs. 28, 29), and the parties submitted their settlement agreement to the court for its approval, as required by the FLSA. Upon consideration of the agreement, and the parties' supplemental submissions, this settlement is approved as a fair, reasonable, and adequate resolution of what the court finds was essentially a dispute between the named parties only.

## II. Discussion

As a general rule, "[t]here are only two ways that FLSA claims may be compromised or settled: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c), or (2) a compromise approved by the district court pursuant to 29 U.S.C. § 216(b)." Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016). In conducting its review of a proposed FLSA settlement, the court should determine whether the agreement constitutes a fair and reasonable resolution of a bona fide workplace dispute. The Court should then ascertain whether the agreement is consistent with the goals of the FLSA. Id. Moreover, "[i]n this Circuit, a settlement is entitled to an initial presumption of fairness where it resulted from arm's-length negotiations between experienced counsel . . . ." Galt v. Eagleville Hosp., 310 F. Supp. 3d 483, 493 (E.D. Pa. 2018). However, in evaluating whether that presumption applies, we are enjoined to consider a multi-factor test which examines the sufficiency of the settlement terms, the costs, risks, and complexity of litigation, litigative risk, and enforceability of any judgments that might be obtained through protracted litigation. Id. (citing Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975)).

Further, when, as in this case, a settlement entails the resolution of individual claims only, there is one other consideration which must be taken into account. The court must be satisfied that resolution of the individual claims does not unduly

3

prejudice some larger collective which may have expectations that claims are being actively pursued on their behalf. See Dunn v. Teachers Ins. & Annuity Ass'n of Am., No. 13-CV-05456-HSG, 2016 WL 153266, at *4 (N.D. Cal. Jan. 13, 2016). This final consideration can often be satisfied through a showing that the case has not been subject to such notice or notoriety that expectations have been created on behalf of a putative collective class that their interests are being actively represented.

Guided by these principles, we find that the proposed settlement in this case is fair, reasonable, and adequate. We reach this conclusion noting that, it is evident to the court that, while cast as an FLSA action, much of this litigation involved specific disputes between a discrete group of individual parties. Thus, at this time, the broader interests underlying the FLSA were only tangentially implicated in this lawsuit. Moreover, the individual parties, whose specific disagreements were at the heart of this litigation, swiftly reached an agreement on the terms of a settlement of their disputes. We have reviewed those settlement terms and find that, as to the parties, the terms of their agreement are a fair and reasonable resolution of their dispute. Furthermore, the settlement terms make it clear that no persons other than the named parties are encompassed by this agreement. Thus, the releases agreed upon by the parties do not adversely affect or prejudice any non-party interests. In addition, it has been represented that that there is no indication that any potentially broader collective exists who may be detrimentally relying upon this litigation to

vindicate their legal rights. Further, given that the individual issues between the parties predominate in this case, it would be inappropriate to decline approval of this settlement, since this lawsuit—which entails primarily narrow, specific, and personal workplace disputes between the named parties—would not be an appropriate legal vehicle for pursuit of potential collective claims whose merits are unknown and cannot be determined at this time.

Therefore, finding: (1) that the terms of this settlement which resulted from an arms-length negotiation are fair, reasonable, and adequate as between the parties; (2) that the narrow scope of the settlement does not prejudice any non-party interests; (3) that there are no known non-parties who may be detrimentally relying upon this litigation to vindicate their legal rights; and (4) that the purposes of the FLSA are satisfied through the prompt resolution of this specific case, the settlement agreement will be approved.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KHINA MISHRA, et al.,** | : | Civil No. 1:19-CV-1233 |
| **Plaintiff** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **INTRA-NATIONAL HOME CARE LLC., et al.,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW this 30th day of October 2019, upon consideration of the Parties' Joint Stipulation of Dismissal, it is ORDERED that the Stipulation is APPROVED as reasonable, fair, and adequate and this case is dismissed with prejudice.

                                     */s/ Martin C. Carlson*
                                     Martin C. Carlson
                                     United States Magistrate Judge